IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JILL and THOMAS BONNER,

    Plaintiffs,

 vs.                                                  CIVIL NO. 99-1016 RLP/LCS

WENDELL HENDRICKSON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the court on multiple, related motions. Plaintiffs have filed a Motion for Partial Summary Judgment **(Docket No. 34)**, a Motion to Strike Affirmative Defenses **(Docket No. 38)** and a Motion in Limine to Exclude the Expert Testimony of Professor Gupta **(Docket No. 46)**. The court has reviewed each motion, the memoranda in support of and in opposition to each motion and finds that the Plaintiffs' Motion for Partial Summary Judgment is well taken and will be **granted,** Plaintiffs' Motion to Strike Affirmative Defenses is well taken and will be **granted** and Plaintiffs' Motion in Limine to Exclude Expert Testimony of Professor Gupta is well taken and will be **granted.**

### PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

The basis for Plaintiffs' Motion for Partial Summary Judgment is the allegation that the Defendant failed to stop at a stop sign and, therefore, entered the intersection causing Plaintiffs' vehicle to collide with Defendant's vehicle. The Defendant has alleged in his answer that the Plaintiffs were also at fault and asserted the defense of independent, intervening cause.

Plaintiff, Jill Bonner testified in her deposition that the Defendant "ran that stop sign. . ." and indicated she did not have time to "get stopped or swerve. . ."  Further, after the accident, the Defendant came over to the Plaintiff and apologized, admitted he wasn't paying attention and further admitted he didn't know he had a stop sign.  The evidence is presented through the testimony of the Plaintiff at her deposition and is ultimately admissible against the Defendant as a party admission.  Fed.R.Evid. 801(d)(2).  The evidence of the Defendant's statements to the Plaintiff is uncontradicted.

Summary judgment is appropriate only in cases where, looking at the facts in the light most favorable to the non-moving party, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Handy v. Price,* 996 F.2d 1064, 1066 (10th Cir. 1993); Fed.R.Civ.P. 56.  The movant bears the burden of establishing that no genuine issue exists as to any material fact.  *National Union Fire Insurance Co. v. Emhart Corp.,* 11 F.3d 1524, 1528 (10th Cir. 1993).  Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter.  *Thrifty Rent-A-Car Systems, Inc. v. Brown Flight Rental One Corp.,* 24 F.3d 1190, 1194 (10th Cir. 1994).  Plaintiff met her burden in establishing the negligent driving of the Defendant through her deposition testimony.  The Defendant has not come forward with any conflicting evidence.  Therefore, the court will enter partial summary judgment in favor of the Plaintiffs on the issue of the Defendant's negligence.

**MOTION IN LIMINE TO EXCLUDE EXPERT**
**TESTIMONY OF PROFESSOR GUPTA**

Although the briefing on the motion in limine is confusing, the Plaintiffs' objection to the testimony of Professor Gupta, a biomechanical engineer is quite specific. The court has reviewed the selected pages from the deposition of Professor Gupta, the disclosure of expert witnesses and Professor Gupta's expert witness report. The Plaintiffs specifically object to any offer of testimony on behalf of Dr. Gupta that "the non-deployment of the supplemental restraint system in the Chevrolet Suburban being driven by Ms. Bonner on the date of the collision contributed to or constituted an intervening cause of her injuries." Although this testimony was not specifically presented to the court in the deposition record, the court will assume for purposes of this motion that Professor Gupta intends to testify that the failure of the air bag system within the Plaintiffs' vehicle caused or enhanced her injuries beyond the injuries she would have suffered in the auto accident caused by the Defendant had the air bags been operable.

Trial judges are the gate-keepers of scientific evidence offered pursuant to Fed.R.Evid. 702. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 592 (1993). This gate-keeper function requires the trial judge to analyze the reasoning and methodology underlying the expert's opinion and determine whether it is scientifically valid and applicable to a particular set of facts. *Id.*

Although the most common method for fulfilling the gate-keeping analysis is to hold a so-called Daubert hearing, a trial court is free to decide this issue pursuant to a motion in limine without a Daubert hearing. *United States v. Charley,* 189 F.3d 1251, 1266 (10th Cir. 1999). Professor Gupta is a biomechanical engineer. After a review of the selected

**3**

portions of Dr. Gupta's deposition that was provided to the court, the court concludes that Dr. Gupta essentially was provided reading material on this accident that involved answers to interrogatories, police reports and excerpts of depositions.  Dr. Gupta did not examine the Plaintiff or the vehicles involved in the accident.  Furthermore, from his deposition testimony it is clear to the court that he is not particularly familiar with the vehicles involved in the accident in this case.  Lastly, Dr. Gupta did not perform any scientific testing or state any specific scientific principle in rendering his opinion.  Essentially, Dr. Gupta's opinion is not testable.  He simply gave his opinion that the Plaintiff's injuries were enhanced or even caused by the lack of a properly functioning air bag system in the Plaintiffs' vehicle.  The court will limit Dr. Gupta's testimony as requested in the Plaintiffs' Motion in Limine.  Specifically, there was an inadequate foundation to establish that Dr. Gupta's opinion was based on his actual scientific knowledge and not based upon his subjective belief or unsupported speculation.  His opinion on the lack of deployment of Plaintiffs' air bag system is not supported by appropriate validation and cannot be subjected to testing.  Given this deficit, the court will not address any further gate-keeper factors.

## MOTION TO STRIKE AFFIRMATIVE DEFENSES

Plaintiffs seek to strike the affirmative defenses of comparative fault and intervening cause.  The basis for the Plaintiffs' argument is that the court cannot compare the fault of the Defendant in causing the automobile accident with the fault of the manufacturer of the non-deploying air bags since these alleged tortfeasors are not concurrent tortfeasors.

In a diversity action, a federal court applies the state's substantive law. *Eerie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938). When the state's highest court has not ruled on the issue, the federal court must predict how the state court would rule by looking at lower state court decisions, general trends in the law in the state and in other states, and other available legal resources. *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.,* 136 F.3d 695, 700 (10th Cir. 1998); *Yoder v. Honeywell, Inc.,* 104 F.3d 1215, 1223 (10th Cir.) cert. denied, 522 U.S. 812 (1997). This issue is one of first impression in New Mexico.

In *Norwest Bank New Mexico, N.A. v. Chrysler Corp.,* 981 P.2d 1215 (N.M. Ct. App. 1999), the New Mexico Court of Appeals analyzed the case where the plaintiff had filed a cause of action against Chrysler Corporation for a defective rear door lock on a minivan. Chrysler secured a jury instruction comparing the fault of the driver of the vehicle who caused the accident to the manufacturer of the minivan and its fault for manufacturing a van with a defective rear door lock. The jury ultimately decided that the door lock was defective but that it was not the proximate cause of injury. Therefore, the court of appeals held the jury instruction given to the jury comparing the fault of the driver and the manufacturer of the minivan constituted harmless error. However, in *dicta* the court stated, "[b]ecause crash worthiness liability is based only on enhanced or additional injuries, the concurrent tortfeasor concept is not applicable." Norwest at 1219-20.

The Defendant cites the case of *Lewis v. Samson,* 992 P.2d 282 (N.M. Ct. App. 1999) for the proposition that the court should apply a comparative fault analysis to the facts in this case and consider the injury to the Plaintiff a "single injury". Defendant's

**5**

Response at p. 3.  The *Lewis* case was a case involving original injuries by a criminal assailant treated by subsequent physicians and surgeons.  The holding in the case did not apply the single injury analysis to the claim of medical negligence against the subsequent treating physicians.  In effect, the *Lewis* case stands for the proposition that the case before the court does not involve a concurrent tortfeasor situation, rather, a successive tortfeasor analysis would be applicable.

In light of the more pertinent analysis of a negligence case in a crash worthiness context found in *Norwest* by the court of appeals, this court finds that a New Mexico court would probably not compare the fault of a negligent driver to the negligence of a manufacturer in failing to deploy an operable air bag system in its manufactured vehicle.  Therefore, Plaintiffs' Motion to Strike Affirmative Defenses is granted.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Partial Summary Judgment is granted.

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion in Limine to Exclude Expert Testimony of Dr. Gupta is granted as limited hereinabove.

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion to Strike Affirmative Defenses is granted.

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by designation